**Kheang Chhay TRAN, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–73473.

Agency No. A75–518–924.

United States Court of Appeals,
Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 23, 2005.**

Decided April 4, 2005.

Kheang Chhay Tran, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM ***

Kheang Chhay Tran, a native and citizen of Cambodia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen his removal proceedings based on changed circumstances in Cambodia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *see Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we deny the petition.

The BIA did not abuse its discretion in concluding that the "changes claimed by the respondent do not establish that he is reasonably likely to suffer harm in a form different from the general population in [Cambodia]." The human rights reports submitted by Tran state that some of his political party's candidates for office were harmed. They do not mention less prominent party affiliates, such as Tran claims to be, or individuals associated with Prince Norodom Ranariddh. The BIA was therefore justified in denying the motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material . . . .").

PETITION FOR REVIEW DENIED.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

